UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WYETH and GENETICS INSTITUTE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY IN THE CITY OF NEW<br>YORK,<br><br>Defendant. | CIVIL ACTION No. 03-11570-MLW<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

Defendant The Trustees of Columbia University in the City of New York ("Columbia")

responds as follows to the Complaint of Plaintiffs Wyeth and Genetics Institute LLC

("Plaintiffs").

1. In response to paragraph 1, Columbia admits and alleges that the United States

Patent and Trademark Office ("PTO") issued United States Patent No. 4,399,216 (the "'216

Patent") on August 16, 1983, and that Columbia is the assignee of the '216 Patent. Columbia

further admits and alleges that the content of the '216 Patent speaks for itself. Columbia further

admits and alleges that the inventions in the '216 Patent were made in the course of work under

grants funded by the National Institutes of Health, Department of Health and Human Services.

Columbia further admits and alleges that it has title to the inventions disclosed in the '216 Patent.

Columbia further admits and alleges that the content of the letter agreement between Columbia

and the Department of Health and Human Services ("HHS"), dated February 24, 1981, and

executed by Columbia on October 5, 1983, (the "HHS Letter Agreement") speaks for itself.

Columbia further admits and alleges that the '216 Patent expired on August 16, 2000. Columbia

further admits and alleges that United States Patent No. 4,634,665 (the "'665 Patent") issued on

January 6, 1987.  Columbia further admits and alleges that United States Patent No. 5,179,017

(the "'017 Patent") issued on January 12, 1993.  Columbia further admits and alleges that the '665

Patent and the '017 Patent expired on August 16, 2000.  Except as expressly admitted and

alleged, Columbia denies each and every allegation of paragraph 1.

2.      In response to paragraph 2, Columbia admits and alleges that it has licensed the

'216 Patent, as well as related patents and patent applications, to more than two dozen

companies.  Columbia further admits and alleges that one of those companies was Genetics

Institute, Inc., which was subsequently acquired by Wyeth.  Columbia further admits and alleges

that the license agreement with Genetics Institute, Inc. was dated July 31, 1990.  Columbia

further admits and alleges it has received at least $400 million in payments from its licenses, and

at least $27 million in payments from Genetics Institute.  Except as so expressly admitted and

alleged, Columbia denies each and every allegation of paragraph 2.

3.      In response to paragraph 3, Columbia admits and alleges that the '216 Patent, the

'665 Patent, and the '017 Patent expired on August 16, 2000.  Columbia further admits and

alleges that the law relating to the expiration of patents speaks for itself.  Columbia further

admits and alleges that on September 24, 2002, the PTO issued United States Patent No.

6,455,275 (the "'275 Patent"), and that Columbia is the assignee of the '275 Patent.  Columbia

further admits and alleges that the content of the '275 Patent speaks for itself.  Columbia further

admits and alleges that the license agreements between Columbia and Plaintiffs cover the '275

Patent.  Columbia further admits and alleges that the obligations under the license agreement

with Plaintiffs speak for themselves.  Except as so expressly admitted and alleged, Columbia

denies each and every allegation of paragraph 3.

4.     In response to paragraph 4, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

5.     In response to paragraph 5, Columbia admits and alleges that Genetics Institute LLC has facilities in Massachusetts.  Columbia further admits and alleges that Genetics Institute, Inc. was the original party to a license agreement with Columbia entitled "Licensing Agreement relating to U.S. Patent No. 4,399,216 et al."  Except as so expressly admitted and alleged, Columbia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and on this basis denies them.

6.     In response to paragraph 6, Columbia admits and alleges that Wyeth was formerly known as American Home Products.  Except as so expressly admitted and alleged, Columbia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7.     In response to paragraph 7, Columbia admits and alleges that it is a New York non-profit corporation and that it is located in the City of New York, State of New York.

8.     In response to paragraph 8, Columbia admits and alleges that the rules regarding jurisdiction set forth in 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1367(a), 2201(a), and 2202 speak for themselves.  Columbia further admits and alleges that the amount of royalties that Plaintiffs owe or will owe to Columbia during the term of the '275 Patent exceeds $75,000 and that this action is between citizens of different states.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 8.

9.     In response to paragraph 9, Columbia admits and alleges that the rules regarding venue set forth in 28 U.S.C. § 1391(b) speak for themselves.  Columbia further admits and

- 3 -

alleges that it entered into a license agreement with Genetics Institute, Inc. Columbia further admits and alleges that it directed communications to and received payments from Genetics Institute, Inc. and/or Genetics Institute LLC in this district. Except as so expressly admitted and alleged, Columbia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and on that basis denies them.

10.     In response to paragraph 10, Columbia admits and alleges that on February 25, 1980, United States Patent Application No. 06/124,513 (the "'513 Application") was filed. Columbia further admits and alleges that inventions described in the '513 Application were made in the course of work under grants from HHS. Columbia further admits and alleges that the prosecution histories of the '216, '665, '017 and '275 Patents speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 10.

11.     In response to paragraph 11, Columbia admits and alleges that the '216 Patent was issued on August 16, 1983. Columbia further admits and alleges that the content of the '216 Patent speaks for itself. Columbia further admits and alleges that the content of Exhibit 1 speaks for itself. Columbia further admits and alleges that the '216 Patent expired on August 16, 2000. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 11.

12.     In response to paragraph 12, Columbia admits and alleges that the '665 Patent was issued on January 6, 1987. Columbia further admits and alleges that the content of the '665 Patent speaks for itself. Columbia further admits and alleges that the prosecution history of the '665 Patent speaks for itself. Columbia further admits and alleges that the content of Exhibit 2 speaks for itself. Columbia further admits and alleges that the '665 Patent expired on August 16,

2000. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 12.

13.     In response to paragraph 13, Columbia admits and alleges that the '017 Patent was issued on January 12, 1993. Columbia further admits and alleges that the content of the '017 Patent speaks for itself. Columbia further admits and alleges that the content of Exhibit 3 speaks for itself. Columbia further admits and alleges that the prosecution history of the '017 Patent speaks for itself. Columbia further admits and alleges that the '017 Patent expired on August 16, 2000. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 13.

14.     In response to paragraph 14, Columbia admits and alleges that it has licensed the '216, '665, and '017 Patents to more than two dozen licensees. Columbia further admits and alleges that it has received at least $400 million through these licenses, and at least $27 million from Genetics Institute. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 14.

15.     In response to paragraph 15, Columbia admits and alleges that it proposed legislation to Congress that, among other things, would have extended the term of the '216 Patent. Columbia further admits and alleges that Congress did not enact this proposed legislation into law. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 15.

16.     In response to paragraph 16, Columbia admits and alleges that on June 26, 1992, United States Patent Application No. 07/866,800 was filed and that the content of this application and its prosecution history speak for themselves. Columbia further admits and alleges that the '017 Patent issued on January 12, 1993. Columbia further admits and alleges that

on March 23, 1994, United States Patent Application No. 08/217,700 was filed and that the content of this application and its prosecution history speak for themselves. Columbia further admits and alleges that on February 27, 1995, United States Patent Application No. 08/395,520 was filed and that the content of this application and its prosecution history speak for themselves. Columbia further admits that on June 7, 1995, United States Paten Application No. 08/484,136 (the "'136 Application") was filed and that this application issued as the '275 Patent on September 24, 2002. Columbia further admits and alleges that the content of the '275 Patent and its prosecution history speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 16.

17.     In response to paragraph 17, Columbia admits and alleges that on June 7, 1995, the '136 Application was filed. Columbia further admits and alleges that on September 24, 2002, the '136 Application issued as the '275 Patent. Columbia further admits that the law relating to the term of patents speaks for itself. Columbia further admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 17.

18.     In response to paragraph 18, Columbia denies each and every allegation contained therein.

19.     In response to paragraph 19, Columbia admits and alleges that the '275 Patent was issued on September 24, 2002, and that Columbia is the assignee of the '275 Patent. Columbia further admits and alleges that the content of the '275 Patent speaks for itself. Columbia further admits and alleges that the '275 Patent claims priority to the '513 Application, filed on February 25, 1980. Columbia further admits and alleges that the contents and prosecution histories of the '216, '665, '017, and '275 Patents speak for themselves. Columbia further admits

and alleges that the content of Exhibit 4 speaks for itself. Columbia further admits and alleges

that the '275 Patent expires on September 24, 2019. Except as so expressly admitted and alleged,

Columbia denies each and every allegation of paragraph 19.

     20.     In response to paragraph 20, Columbia admits and alleges that the inventions

described in the '513 Application were made in the course of work under grants from HHS.

Columbia further admits and alleges that the content of the HHS Letter Agreement speaks for

itself. Columbia further admits and alleges that the contents of the license agreements between

Columbia and Plaintiffs speak for themselves. Except as so expressly admitted and alleged,

Columbia denies each and every allegation of paragraph 20.

     21.     In response to paragraph 21, Columbia admits and alleges that the content of the

HHS Letter Agreement speaks for itself. Except as so expressly admitted and alleged, Columbia

denies each and every allegation of paragraph 21.

     22.     In response to paragraph 22, Columbia admits and alleges that the contents of the

license agreements between Columbia and Plaintiffs speak for themselves. Columbia further

admits and alleges that the content of the HHS Letter Agreement speaks for itself. Columbia

further admits and alleges that the content of Exhibit 5 speaks for itself. Except as so expressly

admitted and alleged, Columbia denies each and every allegation of paragraph 22.

     23.     In response to paragraph 23, Columbia admits and alleges that the contents of its

letters of January 29, 2001, August 8, 2001, and August 6, 2002, speak for themselves.

Columbia further admits and alleges that the contents of the license agreements between

Columbia and Plaintiffs speak for themselves. Except as so expressly admitted and alleged,

Columbia denies each and every allegation of paragraph 23.

## FIRST CLAIM FOR RELIEF

24.     In response to paragraph 24, Columbia incorporates herein by this reference paragraphs 1 through 23 of the Answer as if set forth in full.

25.     In response to paragraph 25, Columbia denies each and every allegation contained therein.

26.     In response to paragraph 26, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

27.     In response to paragraph 27, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

28.     In response to paragraph 28, Columbia denies each and every allegation contained therein.

29.     In response to paragraph 29, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

## SECOND CLAIM FOR RELIEF

30.     In response to paragraph 30, Columbia incorporates herein by this reference paragraphs 1 through 29 of the Answer as if set forth in full.

31.     In response to paragraph 31, Columbia admits and alleges that the contents of the '275 Patent and its prosecution history speak for themselves.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 31.

32.     In response to paragraph 32, Columbia denies each and every allegation contained therein.

33. In response to paragraph 33, Columbia admits and alleges that the '275 Patent is valid and enforceable. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 33.

34. In response to paragraph 34, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

35. In response to paragraph 35, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

## THIRD CLAIM FOR RELIEF

36. In response to paragraph 36, Columbia incorporates herein by this reference paragraphs 1 through 35 of the Answer as if set forth in full.

37. In response to paragraph 37, Columbia admits and alleges that the contents of the '275 Patent and its prosecution history speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 37 and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

38. In response to paragraph 38, Columbia denies each and every allegation contained therein.

39. In response to paragraph 39, Columbia admits and alleges that the '216, '665 and '017 Patents expired on August 16, 2000. Columbia further admits and alleges that the contents of the '216, '665 and '017 Patents and their prosecution histories speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 39.

40.     In response to paragraph 40, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 40.

41.     In response to paragraph 41, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 41.

42.     In response to paragraph 42, Columbia admits and alleges that the contents of the '275 Patent and its prosecution history speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 42.

43.     In response to paragraph 43, Columbia admits and alleges that the '136 Application issued as the '275 Patent on September 24, 2002. Columbia further admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 43.

44.     In response to paragraph 44, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 44.

45.     In response to paragraph 45, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that the content of the '216 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 45.

46.     In response to paragraph 46, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that the content

of the '216 Patent speaks for itself.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 46.

47.    In response to paragraph 47, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 47.

48.    In response to paragraph 48, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 48.

49.    In response to paragraph 49, Columbia admits and alleges that on June 7, 1995, the '136 Application and United States Patent Application No. 08/477,159 (the "'159 Application") were filed.  Columbia further admits and alleges that the '136 Application issued as the '275 Patent.  Columbia further admits and alleges that the contents of the '275 Patent and the '159 Application, and their prosecution histories, speak for themselves.  Columbia further admits and alleges that the '159 Application is still pending.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 49.

50.    In response to paragraph 50, Columbia admits and alleges that the contents of the '275 Patent and the '159 Application and its prosecution history speak for themselves.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 50.

51.    In response to paragraph 51, Columbia admits and alleges that the contents of the '159 Application and its prosecution history speak for themselves.  Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 51.

52.    In response to paragraph 52, Columbia admits and alleges that the '275 Patent and '159 Application prosecution histories speak for themselves.  Columbia further admits and

alleges that the '136 and '159 Applications were filed on June 7, 1995. Columbia further admits and alleges that the '275 Patent issued on September 24, 2002. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 52.

53.     In response to paragraph 53, Columbia denies each and every allegation contained therein.

54.     In response to paragraph 54, Columbia admits and alleges that Richard Axel and James M. Roberts carried out research. Columbia further admits and alleges that the results of some of this research are contained in United States Application No. 06/358,206 (the "'206 Application"), filed March 15, 1982. Columbia further admits and alleges that the contents of the '206 Application and its prosecution history speak for themselves. Columbia further admits and alleges that on December 17, 1984, United States Application No. 06/683,251 (the "'251 Application") was filed. Columbia further admits and alleges that the contents of the '251 Application and its prosecution history speak for themselves. Columbia further admits and alleges that on October 1, 1987, United States Application No. 07/103,807 (the "'807 Application") was filed. Columbia further admits and alleges that the contents of the '807 Application and its prosecution history speak for themselves. Columbia further admits and alleges that on September 26, 1988, United States Application No. 07/249,454 was filed and that this application issued as the '636 Patent on September 22, 1992. Columbia further admits and alleges that the contents of the '636 Patent and its prosecution history speak for themselves. Columbia further admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that applications claiming priority to the '513 Application were pending while Columbia was prosecuting applications claiming priority to the

'206 Application. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 54.

55.     In response to paragraph 55, Columbia admits and alleges that the contents of the '636 Patent and its prosecution history speak for themselves. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 55.

56.     In response to paragraph 56, Columbia admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 56.

57.     In response to paragraph 57, Columbia admits and alleges that the prosecution history of the '636 Patent speaks for itself. Columbia further admits and alleges that the '636 Patent claims priority to the '206 Application. Columbia further admits and alleges that the contents of the '206 Application and its prosecution history speak for themselves. Columbia further admits and alleges that the '251 Application claims priority to the '206 Application. Columbia further admits and alleges that the contents of the '251 Application and its prosecution history speak for themselves. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 57.

58.     In response to paragraph 58, Columbia admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to

or are related to the '513 Application, speak for themselves. Columbia further admits and alleges that the '206 Application was filed on March 15, 1982 and that the '275 Patent issued on September 24, 2002. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 58.

59.     In response to paragraph 59, Columbia admits and alleges that it is the assignee of the '636 and '275 Patents. Columbia further admits and alleges that the contents of '636 Patent and its prosecution history speak for themselves. Columbia further admits and alleges that the contents and prosecution histories of applications and patents, both foreign and domestic, that claim priority to or are related to the '513 Application, speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 59.

60.     In response to paragraph 60, Columbia admits and alleges that the '216, '665, and '017 Patents expired on August 16, 2000. Columbia further admits and alleges that it proposed legislation to Congress that, among other things, would have extended the term of '216 Patent. Columbia further admits and alleges that Congress did not enact this proposed legislation into law. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 60.

61.     In response to paragraph 61, Columbia admits and alleges that the statements made to Congress regarding the '216 Patent speak for themselves. Columbia further admits and alleges that Columbia's statements to the PTO regarding the '216 Patent speak for themselves. Columbia further admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 61.