62. In response to paragraph 62, Columbia admits and alleges that the statements made to Congress regarding the '216 Patent speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 62.

63. In response to paragraph 63, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Columbia further admits and alleges that the content of the '216 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 63.

64. In response to paragraph 64, Columbia admits and alleges that the prosecution history of the '275 Patent speaks for itself. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 64.

65. In response to paragraph 65, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

66. In response to paragraph 66, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**FOURTH CLAIM FOR RELIEF**

67. In response to paragraph 67, Columbia incorporates herein by this reference paragraphs 1 through 66 of the Answer as if set forth in full.

68. In response to paragraph 68, Columbia admits and alleges the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Columbia further admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 68.

69. In response to paragraph 69, Columbia denies each and every allegation contained therein.

70. In response to paragraph 70, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

71. In response to paragraph 71, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

72. In response to paragraph 72, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**FIFTH CLAIM FOR RELIEF**

73. In response to paragraph 73, Columbia incorporates herein by this reference paragraphs 1 through 72 of the Answer as if set forth in full.

74. In response to paragraph 74, Columbia admits and alleges the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Columbia further admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 74.

75. In response to paragraph 75, Columbia admits and alleges that the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 75.

76. In response to paragraph 76, Columbia admits and alleges that the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 76.

77. In response to paragraph 77, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

78. In response to paragraph 78, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**SIXTH CLAIM FOR RELIEF**

79. In response to paragraph 79, Columbia incorporates herein by this reference paragraphs 1 through 78 of the Answer as if set forth in full.

80. In response to paragraph 80, Columbia admits and alleges that the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Columbia further admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 80.

81. In response to paragraph 81, Columbia admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 81.

82. In response to paragraph 82, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

83. In response to paragraph 83, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

84. In response to paragraph 84, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

85. In response to paragraph 85, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**SEVENTH CLAIM FOR RELIEF**

86. In response to paragraph 86, Columbia incorporates herein by this reference paragraphs 1 through 85 of the Answer as if set forth in full.

87. In response to paragraph 87, Columbia denies each and every allegation contained therein.

88. In response to paragraph 88, Columbia admits and alleges that the contents of the license agreements between Columbia and Plaintiffs speak for themselves. Columbia further admits and alleges that the content of the HHS Letter Agreement speaks for itself. Columbia further admits and alleges that the contents of the Bayh-Doyle Act (35 U.S.C. §§ 200-212) and its implementing regulations (37 C.F.R. part 401) speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 88.

89. In response to paragraph 89, Columbia admits and alleges that the allegations of the Complaint speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph. 89.

90. In response to paragraph 90, Columbia denies each and every allegation contained therein.

91. In response to paragraph 91, Columbia denies each and every allegation contained therein.

92. In response to paragraph 92, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

93. In response to paragraph 93, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

94. In response to paragraph 94, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**EIGHTH CLAIM FOR RELIEF**

95. In response to paragraph 95, Columbia incorporates herein by this reference paragraphs 1 through 94 of the Answer as if set forth in full.

96. In response to paragraph 96, Columbia admits and alleges that content of the HHS Letter Agreement speaks for itself. Columbia further admits and alleges that the contents of the Bayh-Doyle Act (35 U.S.C. §§ 200-212) and its implementing regulations (37 C.F.R. part 401) speak for themselves. Except as so expressly admitted and alleged, Columbia denies each and every allegation of paragraph 96.

97. In response to paragraph 97, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

98. In response to paragraph 98, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

99. In response to paragraph 99, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**NINTH CLAIM FOR RELIEF**

100. In response to paragraph 100, Columbia incorporates herein by this reference paragraphs 1 through 99 of the Answer as if set forth in full.

101. In response to paragraph 101, Columbia denies each and every allegation contained therein.

102. In response to paragraph 102, Columbia denies each and every allegation contained therein.

103. In response to paragraph 103, Columbia denies each and every allegation contained therein.

104. In response to paragraph 104, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

105. In response to paragraph 105, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**TENTH CLAIM FOR RELIEF**

106. In response to paragraph 106, Columbia incorporates herein by this reference paragraphs 1 through 105 of the Answer as if set forth in full.

107. In response to paragraph 107, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

108. In response to paragraph 108, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

109. In response to paragraph 109, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**ELEVENTH CLAIM FOR RELIEF**

110. In response to paragraph 110, Columbia incorporates herein by this reference paragraphs 1 through 109 of the Answer as if set forth in full.

111. In response to paragraph 111, Columbia denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

112. In response to paragraph 112, Columbia denies that Plaintiffs are entitled to any relief whatsoever requested in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

113. The Complaint and each of its purported claims fail to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

114. The Court lacks subject matter jurisdiction over the Complaint and each of its purported claims.

**THIRD AFFIRMATIVE DEFENSE**

115. This Court lacks personal jurisdiction over Columbia.

**FOURTH AFFIRMATIVE DEFENSE**

116. Venue is improper in the District of Massachusetts.

**FIFTH AFFIRMATIVE DEFENSE**

117. The Third Claim for Relief of the Complaint fails to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

**SIXTH AFFIRMATIVE DEFENSE**

118. The Complaint and each of its purported claims are barred in whole or in part by Plaintiffs' ratification of the action allegedly taken.

**SEVENTH AFFIRMATIVE DEFENSE**

119. Each Plaintiff comes to this Court with unclean hands. The Complaint and each of its purported claims are barred in whole or in part by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

120. Each Plaintiff has engaged in conduct and/or made representations that estop each of them from asserting in whole or in part each of their purported claims.

**NINTH AFFIRMATIVE DEFENSE**

121. The Complaint and each of its purported claims are barred in whole or in part by the doctrine of waiver and/or acquiescence.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

*Admitted pro hac vice*

DATED: November 24, 2003

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Columbia hereby demands a trial by jury on any issue triable of right by a jury.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

*Admitted pro hac vice*

DATED: November 24, 2003

**Certificate Of Service**

I, Scott McConchie, hereby certify that on November 24, 2003, I caused a true copy of the foregoing **Answer to Complaint** and **Demand for Jury Trial** to be served on the following:

**BY HAND**

Paul D. Popeo, Esquire
Choate Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

**BY OVERNIGHT MAIL**

Leora Ben-Ami, Esquire
Clifford Chance US LLP
200 Park Avenue
New York, NY 10166-0153

Scott McConchie